UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEITH KRAWIEC                                                                                              Plaintiff

v.                                                                                       Civil Action No. 3:24-cv-326-RGJ

STATE FARM FIRE AND CASUALTY                                                    Defendant
COMPANY

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Keith Krawiec ("Krawiec") moves to remand this action to Jefferson Circuit Court for failure to meet the requirements of diversity jurisdiction. [DE 8, Pl.'s Mot. Remand]. Briefing is complete and the motion is ripe. [DE 9; DE 12]. For the reasons below, Krawiec's Motion to Remand [DE 8] is **GRANTED**.

### I.      BACKGROUND

Kraweic brings this action against Defendant State Farm Fire and Casualty Company ("State Farm"), arguing that State Farm provided an inadequate offer "and did not address fully the extent of the Plaintiff's damages" regarding repairs to his roof. [DE 1-1]. This action was originally filed in Jefferson Circuit Court, and State Farm removed under diversity jurisdiction. [*Id.*]. State Farm argues that jurisdiction is proper based on Krawiec's responses to State Farm's Requests for Admissions. Specifically, "[Krawiec] would not limit his damages to $75,000.00 and would not admit that he at no time during the pendency of this action . . . would make a claim for damages, exclusive of interests and costs, in excess of $75,000.000." [DE 1].[1]    In

---

[1] The Notice of Removal states that Krawiec's complaint seeks $143,000 in damages. However, State Farm then lists $30,143 as the damages. [DE 1 at 2]. The Court assumes that State Farm made a typographical error when writing $143,000.

1

contrast, Krawiec contends he "clearly and unequivocally stated that the damages were less than $75,000," and moves for remand. [DE 8 at 39][2]

## II.    STANDARD

Removal to federal court is proper for "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because plaintiff is master of the claim, a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers*, 230 F.3d at 872.

Courts in this district have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal

---

[2] The Notice of Removal states that Krawiec's complaint seeks $143,000 in damages. However, State Farm then lists $30,143 as the damages. [DE 1 at 2]. The Court assumes that State Farm made a typographical error when writing $143,000.

quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this district have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571 (W.D. Ky. Dec. 21, 2018), at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, [the] district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power, Inc.*, 2013 WL 3280244, at *3 (citing *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012)); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009).

### III. DISCUSSION

In this case, there is no dispute as to whether the parties are diverse; but, the Court must still determine whether Krawiec's claim exceeds the diversity jurisdiction threshold of $75,000.00. *See* 28 U.S.C. § 1332(a).

**A. Post-Removal Stipulation**

Krawiec asserts the amount in controversy is less than $75,000, and thus, this Court lacks jurisdiction. [*See* DE 8 at 39; DE 1-2]. Because Ky. R. Civ. P. 8.01 prevents a statement in the complaint, Krawiec has the right to make a post-removal stipulation to clarify, or re-assert that he will not seek or accept an award greater than an amount. *Agri-Power*, 2013 WL 3280244, at *1. However, Krawiec's post-removal stipulation must be "unequivocal" to defeat jurisdiction. *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment — [t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5.

Krawiec's statements do not incorporate the required "seek nor accept" language. [*See* DE 8 at 39; DE 1-2]. Consequently, Krawiec leaves open the possibility to amend his complaint in the future, leaving open the possibility to exceed the jurisdictional threshold. [DE 9 at 60]. Because Krawiec fails to incorporate the "seek nor accept" language in both the Motion to Remand and his Responses, Krawiec does not unequivocally stipulate that his claim is not more than $75,000. But "refusal to stipulate damages alone," is insufficient to demonstrate that diversity jurisdiction exists, and removal is proper. *Warren v. Mac's Convenience Stores, LLC*, No. 3:11-CV-00572-TBR, 2012 WL 5077669, at *3 (W.D. Ky. Oct. 18, 2012). Thus, the Court must determine whether the moving party can prove by the preponderance of the evidence that

the amount in controversy exceeds $75,000 at the time of removal. *Jenkins*, 2018 WL 6728571, at *2.

### B. Amount in Controversy

Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins*, 2018 WL 6728571, at *2. And the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Here, State Farm does not dispute that Krawiec only has explicitly identified damages of approximately $30,143.93. [DE 9 at 58]. However, State Farm argues Krawiec's damages alleged in the Complaint are above the threshold because he seeks (1) damages for leaks and other repairs made, (2) other relief, and (3) attorneys' fees, in addition to the $30,143.93 for roof repairs. [DE 1 at 2; DE 9 at 57]. Thus, the Court will analyze whether State Farm has proven by a preponderance of the evidence whether Krawiec's alleged additional claims exceeds $75,000.

      i.    *Damages for Leaks and Other Repairs*

State Farm claims that Krawiec's Complaint is seeking damages to cover the cost for leaks and other repairs; while Krawiec states "[t]he remedy for this would be replacement of a new roof. . ." and these damages have already been specifically pled. [DE 1 at 2; DE 12 at 68]. State Farm, as the removing party, has the burden of demonstrating that the district court has original jurisdiction. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012). And any uncertainty should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

At this time, State Farm has not shown by a preponderance of the evidence the amount of any damages for leaks and other repairs. Accordingly, State Farm has not met their burden, and any uncertainty should be resolved in favor of remand. Therefore, the Court cannot consider these damages in their calculation.

ii. *Other Relief*

Krawiec's Complaint states, "[t]he denial of the roof was in violation of the terms of the Plaintiff's policy, Kentucky Law and Kentucky Administrative Regulations, and was not made in good faith." [DE 1-1 at 6]. State Farm argues that Krawiec's statement amounts to a claim of bad faith.'" [DE 9 at 58]. But Krawiec further contends ". . . there is no claim for punitive damages or a separate claim of bad faith under Kentucky law." [DE 8 at 39].

On motions to remand concerning fraudulent joinder, Kentucky's pleading standard must be used when determining whether a claim has been adequately asserted. *Hagyard-Davidson-Mcgee Assocs., PLLC v. Fed. Ins.,* No. 5:20-cv-00171-JMH, 2021 U.S. Dist. LEXIS 171065, at *13 (E.D. Ky. Sep. 9, 2021). Under Kentucky's pleading standard, "[a]ll that is necessary is that a claim for relief be stated with brevity, conciseness and clarity." *Nat. Res. and Environmental Protection Cabinet v. Williams*, 768 S.W.2d 47, 51 (Ky. 1989). Although Kentucky's pleading rules permits complaints to be conclusory, the plaintiff must give fair notice of the claims and disclose a cause of action. *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960); Sec. Trust Co. v. *Dabney,* 372 S.W.2d 401, 407 (Ky. 1963).

Because it is unclear if Krawiec pled a claim of bad faith, Krawiec's statement in his Complaint does not meet Kentucky's lenient pleading standard. [DE 1-1 at 6]. And any ambiguity should be decided in favor of remand. Therefore, the Court will not consider a bad faith claim in calculating the amount in controversy.

    iii.    *Attorneys' Fees*

State Farm asserts that Krawiec's request for attorney's fees should be considered when calculating whether diversity jurisdiction is proper. "As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins.,* 481 F.3d 369, 376 (6th Cir. 2007). Neither party argues that the insurance policy between the parties provides for the payment of the Krawiec's attorney's fees. And Kraweic has not pled that a particular statute has been violated. Therefore, attorney' fees will be excluded in calculating the amount in controversy.

Because the $30,143.93 is the only alleged damage that is identifiable at the time of removal based on the information presented to the Court, State Farm fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. Thus, the Court does not have subject matter jurisdiction to adjudicate this matter.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Krawiec's Motion to Remand [DE 8] is **GRANTED**.

2) The case is **REMANDED** to Jefferson Circuit Court.

September 24, 2024

Rebecca Grady Jennings, District Judge
United States District Court